CIRCUIT COURT OF CLACKAMAS COUNTY, OCTOBER TERM, 1869.

## WILLAMET FALLS CANAL AND LOCK CO. *v.* JAMES K. KELLY AND THE PEOPLE'S TRANSPORTATION COMPANY.

MEASURE OF VALUE.—It is not competent to show what a parcel of land brought at a sheriff's sale for the purpose of proving its value.

ACTION BY A CORPORATION FOR RIGHT OF WAY.—In an action by a corpor a tion to condemn land for a canal, the plaintiff cannot disparage the defendant's title.

PARTIES.—It being the duty of the plaintiff to bring all owners into court, if he does not, he cannot avail himself of the neglect to reduce the amount of damages.

COMPENSATION.—The defendants are entitled, in any event, to the actual value of the parcel sought to be condemned to the plaintiff's use. But whether the defendants recover in addition to that, depends upon whether the injury done to the residue will be greater than the benefits.

WATER POWER.—If the appropriation will carry with it water power, or render such power less valuable, such water power should be considered by the jury in making the estimate.

THIS was an action by a corporation to have certain lands of the defendants, and a right of way upon the same, appropriated to the plaintiff's use, under the general incorporation law, for the construction of plaintiff's proposed canal.

The complaint set out the time, place, manner, object and purposes of plaintiff's incorporation; particularly designated the parcel of land sought to be condemned and appropriated; asserts the necessity of the appropriation, and that each of defendants is owner of an undivided half of the land in question. This parcel of land is sixty feet wide and one thousand feet, more or less, in length, and extends from a designated point below, to a point above the Willamet falls, along the western margin of the Willamet River.

The answer avers the true value of the land, and that the defendants are owners of other lands of which this forms a part (describing the whole tract), and that the damage to the residue of the tract that would result to them from such appropriation would amount to $50,000.

The replication denied that the value of the land was

more than $———, and denied that any damages would result from the appropriation of the premises.

*S. Huelat,* for the plaintiff.

*Mitchell, Dolph & Smith,* for the defendant, The Peo. T. Co. (a)

A jury being empanneled, and it being held that the affirmative of the issue, was with the defendant, after the case was opened the defendant proceeded with his evidence; after which, the plaintiff's witnesses were examined, and defendant called witnesses in rebuttal.

The following are the points ruled in the course of the trial:

The defendant asked his own witness, the following question: "What is the value of the land sought to be appropriated, including whatever water privilege would be appurtenant to that part of the land when it is segregated?"

The plaintiff objected; that the plaintiff is not authorized to use water, except for a canal, and could not use all the water that may be deemed appurtenant. That the question calls upon the witness for an opinion, as to what water would be appurtenant. That the inquiry here should be, what will the defendant be damaged, and how much will the plaintiff gain.

The objection was sustained.

Defendant's witness having testified that the whole tract was worth $50,000, was asked on cross-examination, if he knew of its having been sold at sheriff's sale, and, if yes, what was it sold for? Defendant objected for incompetency.

*By the court.*—Usually a cross-examiner may ask any question pertinent to the issue, tending to explain or contradict what the witness has testified, and sometimes may ask questions for the purpose of contradiction, that are not

(a) The defendant, J. R. Kelly, being a stockholder in, and an officer of the plaintiff, declined to take a part personally in the trial of the cause. It is probable there was no disagreement between him and the plaintiff as to the amount of compensation. But his relation to the plaintiff did not appear by the record made in this case.

otherwise relevant.  But it is not obvious here, that the answer will either explain or contradict the witness' statements should a sale for ever so small a sum be proved, because a sheriff's sale may have been a sale of the interest of some one who had a doubtful, or only a colorable title, or there may have been an irregular sale, or a sale without authority; in that case, it would not tend to contradict the witness.  If the evidence is allowed to go to the jury, it will be necessary to permit the defendant to go into an investigation of all the circumstances attending the sale; an investigation, that might be as difficult as the issue now before the jury.  The objection should be sustained.

The plaintiff asked his own witness: "Do you know whether this land has been sold at public auction, and if so, for how much?"  The question was objected to, as irrelevant and incompetent.  The objection was sustained.

The defendant's witness being asked, on cross-examination, what he paid for the undivided half of the whole tract, and the question being answered without objection, on reëxamination, the defendant asked the witness: "For what purpose did you purchase the property?"  The question was objected to as immaterial, and not responsive to the cross-examination.  The objection was sustained.

The plaintiff offered to prove that certain parts or lots of this ground, sought to be appropriated, belonged to persons not parties to this action, and not to the defendants.  And also, that the defendants' title to the tract generally was disputed.  *Held*, that the plaintiff must pay the full value of the land sought to be appropriated; that there was no occasion to inquire about the ownership, and that as to resulting damages, the plaintiff having sued these defendants as owners of the parcel, he can not question their title in this proceeding.

UPTON J., instructed the jury as follows:

The defendants have admitted by their pleadings, that the plaintiff is entitled to take the land designated, upon making reasonable compensation to the defendant, and you have been called to determine what is reasonable compensation.

There are two distinct branches, or grounds of estimate, to be considered in arriving at your conclusions. One is the actual value of the strip or parcel of land, sixty feet wide, that the plaintiff proposes to take; and you are also to estimate such other damages, if any there be, as will result to the owners of the residue of the whole tract, in consequence of taking part of it.

Under any view that can be taken of the case, the defendants are entitled to recover the actual value of the parcel that is to be condemned to the plaintiff's use. But whether the defendants recover, in addition to that, damages for injury that will be caused to the residue of their land, depends upon the question whether the injury thus done to the residue of the land will be greater than the benefits that will accrue to such residue, in consequence of the appropriation and use of the land taken.

In regard to damages, over and above the value of the land actually appropriated, the subject for your consideration is the reduction in value of the premises, by reason of the projecting and construction of the canal in the manner the plaintiff may pursue. Will the land and its appurtenances be worth less, and if any less, how much less. You will, therefore, see the necessity of keeping these two branches or grounds of your estimate distinct from each other. The plaintiff proceeds upon the theory that there is a public necessity for the projected canal, and it is upon that theory that the law permits private property to be taken without the owner's consent. Under the constitution and laws, private property cannot be taken even for public use, without compensation, and the land actually taken must be paid for, independently of any advantage that may result to the defendants from the plaintiff's proposed enterprise. But if, in your opinion, the other damages caused to the defendants will not be greater than the benefits to them, resulting from the plaintiff's enterprise, you will not include in your verdict any other damages than the value of the land to be appropriated. Should you think such other damages will be greater than the resulting benefits, you will strike a balance between such resulting damages and benefits, and add

that balance to the actual value of the land that the plaintiff seeks to appropriate, to make up the total of your verdict.

Whatever water power the owner of the land is entitled to because of his ownership of the land, must be treated by the jury as the property of the owner of the land. And if the appropriation asked for will carry with it any water power, or render it less valuable, or interfere with the defendants' use of any water power, to which they would otherwise be entitled, such water power should be taken into consideration by you in making your estimates.

The jury rendered a verdict in favor of the defendants for $1400. (b)

---

CIRCUIT COURT FOR WASHINGTON COUNTY, OCTOBER TERM, 1869.

---

(b) The final adjournment of the term occurred before the money was paid into court and judgment was not rendered until the May term, 1870. It being held that judgment could not be entered until after payment of the damages assessed by the jury.